UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT RUBIN<br>    Plaintiff<br><br>v.<br><br><br>MIDLAND CREDIT MANAGEMENT, INC.;<br>MIDLAND FUNDING LLC; and ENCORE<br>CAPITAL GROUP, INC., formerly known<br>as MCM CAPITAL GROUP, INC.,<br>    Defendant | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br>NOVEMBER 30, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc. ("MCM"); Midland Funding LLC; and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore"). Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and brings a pendent State law claim against Midland Funding LLC for its violations of the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645.

## II. PARTIES

2. Plaintiff, Robert Rubin, is a natural person residing in Middletown, Connecticut.

3. Defendant Midland Funding LLC is a Delaware corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. It does or transacts business in Connecticut acquiring or claiming to acquire charged-off debts allegedly owed by consumers and originally owed to others and is a "debt collector" as defined in the FDCPA.

4. Defendant MCM is a Kansas corporation and is a debt collector as defined by the FDCPA; MCM collects the bad debts allegedly acquired by Midland Funding, LLC.

5. Midland Funding LLC and MCM are under common ownership. Both are subsidiaries of Encore, a publicly traded Delaware corporation, with offices at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

6. Encore is a "debt collector" as defined in the FDCPA. Encore secures funds from investors and lenders for the purpose of purchasing the debts to which Midland Funding LLC takes title, devises the collection strategies used by the other defendants, and participates in the debt collection activities.

## III. JURISDICTION

7. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337, and Fed. R. Civ. P. 18(a).

8. This Court has jurisdiction over the defendants because they conduct business within Connecticut.

9. Venue in this Court is proper, as Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

10. Midland Funding LLC purchased a consumer debt allegedly owed by Plaintiff (the "Debt").

11. MCM, acting on behalf of Midland Funding LLC, sent Plaintiff a collection letter (the "Letter") regarding the Debt.

12. The Letter contained a privacy notice which stated that the defendants may disclose nonpublic personal information obtained in connection with debt collection activities to third parties such as financial service providers, companies engaged in banking, consumer finance companies, debt purchasing companies, and credit card companies.

13. The privacy notice in the Letter also stated that if Plaintiff desired that the defendants not disclose nonpublic information about him to third parties such as those referenced above, Plaintiff must so request.

## V. COUNT ONE
### Fair Debt Collection Practices Act

14. Plaintiff incorporates Paragraphs 1-13.

15. The privacy notice contained in the Letter, as described above, violated 15 U.S.C. §§ 1692e(5) and 1692e(10) in that it amounted to a false and misleading representation which threatened to take action that could not legally be taken or was not intended to be taken, and which was used as part of an attempt to collect the Debt from Plaintiff or obtain information regarding Plaintiff.

16. The defendants also violated 15 U.S.C. § 1692f by their unfair practices described above and 15 U.S.C. § 1692d by harassing and abusing Plaintiff as described above.

17. On or around August 28, 2009, a class action ("Class Action") was filed in the United States District Court for the District of Connecticut, on behalf of Plaintiff and others whose rights were violated in the manner described above; the Class Action was filed on or before one year after Plaintiff received the Letter.

18. On or around the end of October 2010, Plaintiff received a notice regarding the settlement of the Class Action; that notice stated that Plaintiff had until December 13, 2010 to opt-out of the Class Action.

19. Plaintiff has or will formally opt out of the Class Action by the December 13, 2010 deadline.

20. For the defendants' violations of the FDCPA as described above, Plaintiff is entitled to recover his actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### VI. COUNT TWO
### Creditor Collection Practices Act
### (As to Midland Funding LLC Only)

21. Plaintiff incorporates Paragraphs 1-13 and Paragraphs 17-19 of Count Two.

22. The privacy notice contained in the Letter, as described above, also violated the Creditor Collection Practices Act, Conn. Gen. Stat. § 36a-645 and Conn. Agencies Reg., §§ 36a-647-6(6) and 36a-647-6(11) in that it amounted to a false and misleading representation which threatened to take action that could not legally be taken or was not

intended to be taken, and which was used as part of an attempt to collect the Debt from Plaintiff or obtain information regarding Plaintiff.

23. Midland Funding LLC also violated Conn. Gen. Stat. § 36a-645 and Conn. Agencies Reg., § 36a-647-6 by its unfair and deceptive practices described above and § 36a-647-5 for its abusive conduct as described above.

24. For Midland Funding LLC's unfair acts, Plaintiff seeks his damages, statutory damages, and attorney's fees and costs pursuant to the Public Act No. 07-176.

WHEREFORE, the Plaintiff prays for the following relief:

Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k, and such other relief as this Court deems appropriate; damages, statutory damages, and attorney's fees and costs pursuant to the Public Act No. 07-176.

**PLAINTIFF, ROBERT RUBIN**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457